IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CULVER M. SNIPES, | ) | CASE NO. 1:06 CV 2527 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN LAZAROFF, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Before the Magistrate Judge[1] is a motion by the state to dismiss[2] the pro se[3] habeas petition[4] of Culver M. Snipes as untimely.[5]  As noted in the Order which afforded Snipes an opportunity to respond,[6] the state's motion is properly considered as a motion to dismiss for failure to state a claim upon which relief can be granted, made pursuant to Federal Rule of Civil Procedure 12(b)(6).[7]

---

[1] This case has been referred to the Magistrate Judge for a report and recommendation. ECF # 5.

[2] ECF # 9.

[3] *See*, ECF ## 2, 4.

[4] ECF # 1.

[5] ECF # 9 at 2-5.

[6] ECF # 10.

[7] *Id.* at 2.

-2-

Snipes has now responded to the state's motion, admitting the fact that his petition – which was filed more than five years after the conclusion of the state appellate process in his case – was not filed within the one-year time period prescribed by 28 U.S.C. § 2244(d), but asserting that no statute can "place[] a time limit on [seeking relief from] an unlawful trial."[8] In essence, Snipes contends that the one-year time limit should here be waived "in the interest of justice" so this Court can correct a "miscarriage of justice."[9] The state has not replied to Snipes's response.

For the reasons that follow, the Magistrate Judge recommends dismissing this petition as time-barred.

## II. Facts

The salient facts are straight-forward and not in dispute. Following a jury trial, Snipes was convicted in 1999 on one count of rape of a person less than thirteen years of age and was sentenced to serve a term of eight to twenty-five years in prison.[10] His conviction and sentence were affirmed by the state appeals court on September 13, 2000.[11] He did not pursue an appeal to the Ohio Supreme Court nor, absent such an appeal, was he eligible to seek a writ of certiorari from the United State Supreme Court.

---

[8] ECF # 11 at 1.

[9] *Id.*

[10] ECF # 9, Ex. 1.

[11] *Id.* at Ex. 3.

Slightly more than one year after his conviction was affirmed, Snipes, *pro se*, filed a delayed motion to re-open his direct appeal pursuant to Ohio Appellate Rule 26(B).[12] The state appeals court found that he had not established good cause for his delay in filing the application to re-open and so denied it as untimely.[13] Snipes did not appeal from this decision.

On June 21, 2005 – or approximately three and a half years after his delayed application to re-open was denied – Snipes, *pro se*, filed a motion for super shock probation with a request that his remaining sentence be suspended.[14] This motion was denied.[15] Later in 2005, he filed a motion for modification of his sentence,[16] which apparently was not decided by the state court.[17] In 2006, he attempted to appeal his original 1999 sentence.[18] That appeal was denied as being beyond the requirement that an appeal from a sentence be filed within 30 days of entry of the sentence.[19]

The present petition for federal habeas relief was filed on October 19, 2006.[20]

---

[12] *Id*. at Ex. 4.

[13] *Id.* at Ex. 5.

[14] *Id.* at Ex. 6.

[15] *Id.* at Ex. 7.

[16] *Id*. at Ex. 8.

[17] *See*, *id*. at 2.

[18] *Id.* at Ex 10.

[19] *Id.* at Ex. 11.

[20] ECF # 1.

## III.  Analysis

**A.  Statute of limitations**

28 U.S.C. § 2244(d) provides in pertinent part:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitations period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\*\*\*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Sixth Circuit has held that the one-year period described by § 2244(d)(1)(A) does not commence until the 90-day time period allowed for filing a writ of certiorari to the United States Supreme Court has elapsed, even if the petitioner does not actually seek certiorari.[21] Moreover, the Sixth Circuit has also held that while a properly filed application for state post-conviction relief does, by statute, toll the limitations period while the application is pending, an application for state post-conviction relief filed beyond the one-year period does not re-set the clock or provide a new one-year period.[22]

In addition, 28 U.S.C. § 2244(d)(1)(D) provides that, when a petition is based on newly discovered evidence, the one-year limitations period begins to run on "the date on

---

[21] *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003).

[22] *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

**B.  Equitable tolling**

*1.  General rule*

As noted, it is now well-settled that the statute of limitation in federal habeas proceedings is not jurisdictional but, rather, is an affirmative defense.[23] The party asserting the statute as defense has the burden of demonstrating that the statute has expired.[24] Moreover, that party must raise this defense within the first responsive pleading or else the defense will be considered waived.[25]

However, because the statute of limitations is not jurisdictional, it is subject to equitable tolling.[26] Once the defense has been asserted, the habeas petitioner has the burden of persuading the court that he or she is entitled to equitable tolling.[27]

The Sixth Circuit has stated that the federal habeas court should evaluate claims of equitable tolling by considering the following five factors originally set forth in *Andrews v. Orr*:[28] (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack

---

[23] *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).

[24] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[25] *See*, Fed. R. Civ. P. 8(c); *see also*, *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988).

[26] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

[27] *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

[28] *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim.[29] This list of the *Andrews* factors is not necessarily comprehensive nor will all factors necessarily apply in every case.[30] However, the "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified."[31]

### *2.    Actual innocence exception*

In addition to those factors that go to establishing cause for the delay, the Sixth Circuit, in *Souter v. Jones*,[32] has also held that:

> [W]here an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway [of the limitations period] and argue the merits of his constitutional claims.[33]

In order to accomplish this, the *Souter* court employed the analysis of "actual innocence" utilized by the United States Supreme Court in *Schlup v. Delo*.[34] Thus, according to *Souter*, a habeas petitioner who does not claim "cause" for his untimeliness may avoid the

---

[29] *Allen*, 366 F.3d at 401.

[30] *Id.*

[31] *Id.* at 401-02.

[32] *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).

[33] *Id.* at 602.

[34] *Schlup v. Delo*, 513 U.S. 298 (1995).

effects of the limitations statute only by proving his actual innocence "with new reliable evidence ... *that was not presented at trial*."[35]

In this regard, *Souter* emphasized that, in the context of seeking to avoid the effects of the habeas limitations period, "actual innocence means factual innocence, not mere legal insufficiency."[36] To be credible, the new evidence of actual innocence should be such things as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial.[37] Given this high standard of proof, *Souter* concluded that the actual innocence exception should remain "rare" and only apply in "extraordinary cases."[38]

### C. Snipes has not excused his untimeliness either by showing equitable tolling or establishing actual innocence.

Initially, the Magistrate Judge notes again that Snipes has not contested the state's allegation that his petition was filed after the expiration of the one-year limitations period set by statute.[39] Rather, he attempts to make a general argument that his untimeliness should be

---

[35] *Souter*, 395 F.3d at 595, n.9, quoting *Schlup*, 513 U.S. at 324 (emphasis in *Souter*).

[36] *Id*. at 590, quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998).

[37] *Id.*, quoting *Schlup*, 513 U.S. at 324.

[38] *Id.*, quoting *Schlup*, 513 U.S. at 321.

[39] The state court of appeals affirmed Snipes's conviction on September 13, 2000 (ECF # 9, Ex. 3) and denied his motion to reopen that appeal on November 5, 2001 (*Id.*, Ex. 4). Nothing pended in any court thereafter until June 21, 2005, when Snipes moved for shock probation (*Id.*, Ex. 6). No possible argument exists, therefore, that the one-year statute provided for in 28 U.S.C. § 2244(d) had run by the time that Snipes renewed efforts to obtain release in 2005. Nothing Snipes did in 2005 or thereafter caused the statute of limitations to run anew. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

excused,[40] as well as raising specific claims that he is innocent of the offense,[41] and that he received a sentence contrary to law.[42]

In regard to the five *Andrews* factors by which a habeas petitioner may seek to establish cause for his untimeliness, the Magistrate Judge observes that Snipes has not directly asserted that any of these factors could apply here. Specifically, he does not directly contend: (1) that he was unaware of the time requirement for filing a federal habeas claim, (2) that he lacked constructive notice of that requirement, (3) that he was otherwise diligent in pursuing his rights during the more than five years that elapsed between the conclusion of his state appeals and this petition, (4) that there would be no prejudice to the state in granting equitable tolling here, and (5) that it was reasonable for him to remain ignorant of the legal requirements for filing his habeas claims.

However, in closely examining the record, the Magistrate Judge notes that Snipes sought his delayed re-opening of the appeal by asserting, in part, that he thought the Ohio Public Defender's Office was pursuing his claims after the expiration of his direct appeals process and was unable to communicate with his appellate counsel during this time.[43] While the Magistrate Judge is persuaded that Snipes was undoubtedly confused, as he himself

---

[40] *See*, ECF # 11 at 1, stating that the delay should be overlooked "in the interest of justice."

[41] *Id*. at 2, contending that he was convicted on the basis of the victim's "dream" of having been sexually assaulted and not "factual evidence."

[42] *Id.* at 2-3, maintaining that he was tried and sentenced in an "unlawful, hybridized trial" where an "old" version of the law was selectively used instead of a uniform application of the "new" law.

[43] ECF # 9, Ex. 4 at 2-3.

admits, by his status in the state legal system immediately after the conclusion of his direct appeal in 2000, this confusion cannot serve as a basis for excusing Snipes's complete lack of effort toward seeking federal habeas review for many years thereafter.[44]

Accordingly, the Magistrate Judge recommends finding that Snipes has not established that he is entitled to equitable tolling pursuant to the *Andrews* factors for cause.

As to the "actual innocence" exception, the Magistrate Judge notes first that Snipes's arguments that he was convicted on an erroneous choice of law does not make a claim of "actual innocence" but, rather, one of "legal insufficiency" for the conviction. As such, this argument is expressly not permitted as a basis for the actual innocence exception.[45]

In addition, these contentions form the substance of Snipes's habeas petition itself.[46] As the Sixth Circuit noted in *Ross v. Berghius*,[47] actual innocence is "only a 'gateway' showing" that, if established, permits the court to then consider the merits of the otherwise time-barred claim.[48] Addressing these arguments here would be improper and premature.

The Magistrate Judge further observes that the core of Snipes's assertion of actual innocence is that the evidence against him was no more than a "dream" experienced by the

---

[44] *See*, *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (diligence in pursing state remedies cannot substitute for lack of diligence in filing federal habeas petition); *Allen*, 366 F.3d at 403 ("ignorance of the law alone is not sufficient to warrant equitable tolling") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

[45] *See*, *Souter*, 395 F.3d at 590.

[46] ECF # 1 at 5-6.

[47] *Ross v. Berghuis*, 417 F.3d 552 (6th Cir. 2005).

[48] *Id*. at 556, citing *Schlup*, 513 U.S. at 315.

victim.[49] In order to trigger the actual innocence exception of *Schlup/Souter*, any evidence that the assault here was simply a dream would need to be "new reliable evidence ... that was not presented at trial."[50]

A careful reading of the entirety of the record provided by the state discloses that Snipes's present claim that the victim "dreamed" the assault was known to the defense at the time of the trial, but defense counsel apparently elected not to call the victim's family to testify to that dream at trial.[51] Snipes, however, did testify at trial as to his contention that "in 1990 the victim told Snipes and a few members of Snipes's family that she had a dream that Snipes raped her."[52]

Thus, though not expressly asserted by Snipes, who is a *pro se* petitioner, the Magistrate Judge suggests that, because evidence that the assault was just a dream was presented to the jury at Snipes's trial, it cannot constitute such "new evidence" of innocence envisioned by *Souter/Schlup* as to trigger the actual innocence exception to the limitations statute.

Moreover, even if it is asserted that the claim of new evidence here relates specifically to testimony of Snipes's family concerning the purported dream – persons not heard at trial – such new evidence would not be scientific or physical in nature, nor, coming as it would

---

[49] ECF # 11 at 2-3.

[50] *Souter*, 395 F.3d at 595, n.9, quoting *Schlup*, 513 U.S. at 324 (emphasis in *Souter*).

[51] *See*, ECF # 9, Ex. 4 (Snipes's brief in support of his Rule 26(B) application) at 2.

[52] *Id.*, Ex. 3 (opinion of state appeals court) at 3.

from those with an interest in Snipes's acquittal, would it be from neutral "trustworthy eyewitness accounts" such as would make it credible under the *Schlup/Souter* criteria.[53]

In sum, the Magistrate Judge therefore recommends finding that Snipes has not established that he is entitled to the "actual innocence" exception to enforcement of the limitations provisions of 28 U.S.C. § 2244(d).

### IV. Conclusion

Inasmuch as: (1) it is not contested that the petition of Culver Snipes for a writ of habeas corpus was filed beyond the one-year time limit for filing such petitions established by statute, and (2) that Snipes has not shown either that equitable tolling excused his untimeliness nor that he is entitled to the "actual innocence" exception to the enforcement of the time limit, the Magistrate Judge recommends that the state's motion to dismiss the petition be granted.

Dated: April 10, 2007                                s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[54]

---

[53] *See*, *Souter*, 395 F.3d at 590.

[54] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-11-